UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
                                                   :
CHESTER COBB,                                 :

                Plaintiff,                :       20-CV-_____

      -against-                          :       **NOTICE OF REMOVAL**

NYU LANGONE HOSPITAL-BROOKLYN,         :
SARA GALANIS and JACQUELYN FOX           :

                Defendants.          :
---------------------------------------------------------------x

         Pursuant to 28 U.S.C. §§ 1441 and 1446, defendants NYU Langone Hospitals, incorrectly named in this lawsuit as NYU Langone Hospital-Brooklyn, Sara Galanis and Jacquelyn Fox (collectively, the "Defendants"), by and through their attorneys, Cerasia & Del Rey-Cone LLP, file this Notice of Removal with respect to the case identified as <u>Chester Cobb v. NYU Langone Hospital-Brooklyn, Sara Galanis and Jacquelyn Fox</u>, Index No. 508038/2020, from the Supreme Court of the State of New York, Kings County.

         In further support of this Notice, Defendants state as follows:

         1.       On May 26, 2020, plaintiff Chester Cobb filed his Complaint in the Supreme Court of the State of New York, Kings County.  A true and correct copy of the Summons and Complaint is attached hereto as Exhibit A.

         2.       On September 16, 2020, Cobb served the Summons and Complaint upon Defendants.

         3.       This Notice of Removal has been timely filed within 30 days after Defendants were served with the Complaint.

4. The Complaint includes two causes of action under a federal statute, Family and Medical Leave Act, 29 U.S.C. § 2601 ("FMLA"). (Ex. A. at ¶¶ 22, 48-59.) Specifically, Cobb alleges in the Fourth Cause of Action that Defendants "violated the Plaintiff's FMLA rights by deeming him to be absent without leave in April 2018 when he had notified the defendant that he would be seeking FMLA leave for medical treatment of his back and stress related emotional injury due to harassment at work and increased work load." (Ex. A. at ¶ 50.) Cobb further alleges in the Fifth Cause of Action that Defendants "interfered with Plaintiff's rights under the [FMLA] and discriminated against the Plaintiff and discharged the plaintiff for being out for work due to a serious medical condition for which he was receiving treatment and for which he had notified his employer that he intended to file[] for benefits under the FMLA." (Ex. A at ¶ 57.)

5. The Complaint also includes a cause of action under another federal statute, Title VII of the Civil Rights Act, 42 U.S.C. § 2000e. (Ex. A. at ¶¶ 22, 60-72.) Specifically, Cobb alleges in the Sixth Cause of Action that Defendants "harassed the Plaintiff on the basis of sex and gender, creating a hostile work environment in violation of Title VII of the Civil Rights Act." (Ex. A. at ¶ 62.)

6. This Court has federal question jurisdiction over Cobb's FMLA and Title VII claims, pursuant to 28 U.S.C. § 1331.

7. This Court has supplemental jurisdiction over Cobb's state and city law claims pursuant to 28 U.S.C. § 1367 because all of his claims arise from a common nucleus of operative facts as his FMLA and Title VII claims.

8. This District embraces the Supreme Court of the State of New York, Kings County, where this lawsuit was originally filed. Removal to this District is therefore proper. 28 U.S.C. §§ 112(c), 1441(a).

9. Defendants will serve copies of this Notice of Removal upon Cobb and file a copy with the Clerk of the Supreme Court of the State of New York, Kings County, to effect removal of this action to this Court pursuant to 28 U.S.C. § 1446(d).

WHEREFORE, Defendants respectfully request that this Court take jurisdiction of this action and issue all necessary orders and process to remove said action from the Supreme Court of New York, Kings County, to this Court.

Dated: New York, New York
       October 6, 2020

Respectfully submitted,

CERASIA & DEL REY-CONE LLP

By s/ Christie Del Rey-Cone
   Christie Del Rey-Cone
   Alison L. Tomasco
150 Broadway, Suite 1517
New York, New York 10038
646.525.4235
christie@cdemploymentlaw.com
alison@cdemploymentlaw.com

Attorneys for Defendants

## **CERTIFICATE OF SERVICE**

I, Alison L. Tomasco, hereby certify that on October 6, 2020, I caused the within Notice of Removal to be submitted by electronic filing to the Clerk of the Court for the U.S. District Court for the Eastern District of New York, and a copy of the within pleading to be served by email and overnight delivery, postage prepaid, upon the following counsel of record for the plaintiff:

>Joel M. Gluck, Esq.
>305 Broadway, Suite 10007
>New York, NY 10007
>jmgluck200@aol.com

>s/ Alison L. Tomasco_____
>  Alison L. Tomasco, Esq.

# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

Index # 508038/20

Date Filed: 5/26/2020

CHESTER COBB

                               Plaintiff,

-against-

NYU LANGONE HOSPITAL-BROOKLYN
SARA GALANIS
JACQUELYN FOX

                              Defendant

Plaintiff designates
**Kings County**
as place of trial

The basis of venue is
**Place of Accident and**

County of Residence
   Plaintiff Resides at
109 East 96th Street
1st Floor
Brooklyn N.Y. 11212

## SUMMONS

TO THE ABOVE NAMED DEFENDANT:

**YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney(s) within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: May 25, 2020
        New York, N.Y.

                                                              _____
                                                              JOEL M. GLUCK
                                                              Attorney for Plaintiff

305 Broadway Suite 1004
New York, N.Y. 10007
(347) 281-2643
Fax (718) 852-0185
Email: jmgluck200@aol.com

Defendants' Addresses:

NYU Langone Hospital Brooklyn
150 55th Street
Brooklyn, N.Y. 11220

Sara Galanis
NYU Langone Hospital Brooklyn
150 55th Street
Brooklyn N. Y. 11220

Jacquelyn Fox
NYU Langone Hospital Brooklyn
150 55th Street
Brooklyn N.Y. 11220

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

Index # 508038/20

Date Filed: 5/26/2020

--------------------------------------------------

CHESTER COBB

                Plaintiff,

  -against-

**VERIFIED COMPLAINT**

NYU LANGONE HOSPITAL-BROOKLYN
SARA GALANIS
JACQUELYN FOX

                Defendants

--------------------------------------------------

The plaintiff, **CHESTER COBB** by his attorney JOEL M. GLUCK, as for his verified complaint respectfully alleges as follows:

1. Plaintiff, CHESTER COBB was and is a resident of the State of New York, County of Kings, and on the date of the occurrence described herein the Plaintiff was a resident of the County of Kings and resided at 25 St. Felix Place Brooklyn New York 11217.

2. That on the date of the commencement of this action, the plaintiff was a resident of the State of New York, County of Kings and resides at 109 East 96th Street Brooklyn New York 11212.

3. That on the date of the occurrences described herein, Plaintiff was an employee of the Defendant NYU Langone Hospital Brooklyn New York 11220 (formerly Lutheran Medical Center).

4. That the Plaintiff had been a employed as a dietary worker at first Lutheran Medical Center, then NYU Langone Brooklyn from 2004.

1

5. That Plaintiff performed his work as a dietary work in the Food Services Department of the above hospitals in a capable manner during his period of employment.

6. That the defendant NYU Langone Hospital Brooklyn is not for profit corporation organized under the laws of the state of New York and is licensed as a provider of medical services and care, and operates in the County of Kings at 150 55th Street Brooklyn New York 11220

7. That during the periods relevant to the action brought herein, defendant Sara Galanis, female, was employed by the Defendant NYU Langone Hospital Brooklyn in the capacity of Director of Food Services and upon information and belief is a resident of the state of New York with a place of business at 150 55th Street Brooklyn New York.

8. That during the periods relevant to the claims herein, defendant Jackie Fox, female, was an employee of a contractor providing services to the defendant NYU Langone Hospital, and was performing in the capacity of Food Service Manager at the Defendant's hospital at 150 55th Street Brooklyn New York.

9. That the Defendant NYU Langone Hospital Brooklyn is vicariously liable for the acts of the individual defendants named in this action.

10. That the Defendant NYU Langone Hospital endorsed and/or directly participated in the discriminatory and retaliatory conduct described herein.

11. That the acts of the institutional defendant and the individually named defendants were directly responsible for the terms and conditions of the plaintiff's employment.

12. That during the course of his employment, most particularly from November 1, 2017 up to the date of his termination on May 7, 2018, Plaintiff was subjected to harassment based on his gender, resulting in a hostile work environment.

2

13. That one or more of the individually named defendants made unwanted and unsought comments on the plaintiff's appearance which caused him anxiety and distress.

14. That one or more of the individually named defendants followed, harassed the plaintiff during the work day, interfering with his job performance.

15. That in December 2017 Plaintiff filed a complaint alleging sexual harassment and discrimination with the New York State Human Rights Commission and the Equal Employment Opportunity Commission and such conduct was a protected activity within the meaning of that law and the New York City Human Rights Law.

16. That following the filing of this complaint, the defendants' harassment of the Plaintiff and change in his job duties increased in retaliation for the filing of the above complaint; Plaintiff was given an unreasonable increase in his work load and thereafter berated for failing to perform the added duties.

17. That on March 28, 2018 defendant Fox entered the Men's Locker Room on the premises of NYU Langone Hospital, with the excuse that she was looking for the Plaintiff to discuss a union meeting which he was scheduled to attend. Plaintiff informed her that he was not dressed and advised the defendant that he believed that she following, stalking and harassing him.

18. As a result of the Defendant's acts plaintiff was brought to Defendant Galanis and disciplined. Defendant Galanis verbally abused and berated the Plaintiff, accusing him of engaging in disruptive behavior. Plaintiff was asked to leave the work place and suffered the humiliation and embarrassment of being removed from the premises by security personnel.

19. That as a result of the actions of the defendant the terms and conditions of the plaintiff's employment were adversely affected and plaintiff was forced to seek medical care and attention.

3

20. That in April 2018, Plaintiff applied for leave under the Family Medical Leave Act, and said application was pending at the time of Plaintiff's termination n May 7, 2018.

21. That the Defendants' termination of the Plaintiff was in retaliation for filing a complaint alleging sexual harassment and a hostile work environment.

22. That the Defendant's termination of the plaintiff was on the basis of gender and violative of the New York State Human Rights Law, the New York City Human Rights Law, Title VII of the Civil Rights Act of 1964 and the Family Medical Leave Act.

23. That the Plaintiff is an eligible employee within the meaning of the Family Medical Leave Act, as he was employed on a full time basis and had been working for the Defendant NYU Langone Hospital and its predecessor on an uninterrupted basis since 2004.

24. That the Defendant NYU Langone Hospital Brooklyn is an eligible employer within the meaning of the Family Medical Leave Act as its employs far more than 50 employees on a full time basis.

25. That Plaintiff filed a claim under the Family Medical Leave Act in November 2017 for intermittent leave to care for a sick relative.

26. That such leave was approved but subsequent thereto, Defendant conduct toward Plaintiff was hostile and adversely affected the terms and conditions of his employment.

27. That on or about April 13, 2018, as a result of increasing stress caused by harassment by the individually named defendants, and changes in his job duties that significantly increased his work load, Plaintiff developed both physical and emotional illnesses requiring medical treatment and time off from work.

28. That Plaintiff filed for additional leave under the Family Medical Leave Act and such firing was known to the defendants.

4

29. That the Defendants terminated the Plaintiff on or about May 7, 2018 for alleged absence from work without leave, although they knew or should have known that Plaintiff was absent due to a serious physical condition requiring absence from work and constituting a basis for leave under the FMLA.

30. That the Defendants' conduct was violative of the Family Medical Leave Act.

## AS AND FOR A FIRST CAUSE OF ACTION
## VIOLATION OF THE NYS HUMAN RIGHTS LAW

31. That the plaintiff repeats and re-alleges each and every allegation set forth in the preceding paragraphs as though set forth fully herein.

32. That the actions as alleged herein took place in the State of New York.

33. That by reason of the aforementioned acts of harassment and retaliation, the adverse affect on the terms and conditions of employment, the defendants were and are in violation of the New York State Human Rights Law, § 296 et seq. of the Executive Law of the State of New York.

34. That the plaintiff is entitled to recover pursuant to statute, lost wages, back pay, front pay, compensatory damages, attorneys' fees, interests and costs as allowed by said statutes.

35. That the amount of damages sustained by the Plaintiff exceeds the monetary limit of all lower courts that would otherwise have jurisdiction herein.

## AS AND FOR A SECOND CAUSE OF ACTION
## VIOLATION OF NYC HUMAN RIGHTS LAW

36. That the plaintiff repeats and re-alleges each and every allegation set forth in the preceding paragraphs as though set forth fully herein.

37. That the acts of discrimination, harassment, affected the terms and conditions of the Plaintiff's employment and were in violation of the New York City Human Rights Law, §8-

5

101 et seq of the New York City Administrative Code.

38. That by reason of the aforementioned injury the Plaintiff had been damaged in an amount that exceeds the jurisdictional limit of all lower courts that would otherwise have jurisdiction of the matter herein.

39. That pursuant to the applicable provisions of §8-101 et seq of the New York City Administrative Code the plaintiff is entitled to recover lost wages, back pay, front pay, compensatory damages, attorneys' fees, interests and costs as allowed by said statutes.

### AS AND FOR A THIRD CAUSE OF ACTION
### RETALIATION UNDER THE NYC HUMAN RIGHTS LAW AND THE NEW YORK STATE HUMAN RIGHTS LAW

40. That the plaintiff repeats and re-alleges each and every allegation set forth in the preceding paragraphs as though set forth fully herein.

41. That on or about December 8, 2017 and thereafter the Plaintiff made complaints about sexual harassment and the creation of a hostile work environment to the New York State Commission on Human Rights, which constituted a protected activity.

42. In response to the Plaintiff's complaints, the Defendants subjected the Plaintiff to a series of adverse employment actions, including filing disciplinary charges against the Plaintiff, verbally harassing the plaintiff, unreasonably increasing the plaintiff's work load and job duties and ultimately terminating the plaintiff and denying his claim for unemployment benefits.

43. As a direct and proximate result of said unlawful employment practices, plaintiff suffered physical problems and emotional distress.

44. Defendants are liable to the plaintiff for unlawful employment practices which were in retaliation for engaging in protected activity.

6

45. Defendants' conduct is proscribed retaliatory activity in violation of the NYS Human Rights Law and the New York City Human Rights Law, §8-101 et seq of the New York City Administrative Code.

46. Plaintiff is entitled to recover applicable lost wages, back pay, front pay, compensatory damages, attorneys' fees, interests and costs as allowed by said statutes. attorney fees, costs and expenses as provided by the above statutes.

47. That by reason of the aforementioned injury the Plaintiff had been damaged in an amount that exceeds the jurisdictional limit of all lower courts that would otherwise have jurisdiction of the matter herein.

## AS AND FOR A FOURTH CAUSE OF ACTION FOR VIOLATION OF THE FAMILY MEDICAL LEAVE ACT.

48. That the plaintiff repeats and re-alleges each and every allegation set forth in the preceding paragraphs as though set forth fully herein.

49. The Family Medical Leave Act 29 USC § 2601 et. Seq. provides that an eligible employee shall be entitled to a total of 12 work weeks of leave during any 12 month period. Plaintiff's earlier period was intermittent and did not exhaust the entirety of his benefits.

50. Defendants violated the Plaintiff's FMLA rights by deeming him to be absent without leave in April 2018 when he had notified the defendant that he would be seeking FMLA leave for medical treatment of his back and stress related emotional injury due to harassment at work and increased work load.

51. Defendants failed to provide the Plaintiff with requested leave, ignored his request for leave for the remaining weeks under the FMLA and terminated him, on pretext on or about May 7, 2018.

7

52. Plaintiff's injuries for Defendants' violation of his rights under the Family Medical Leave Act exceed the threshold of $25,000.00

53. Under said Act, Plaintiff is entitled to recover statutory damages for lost wages, benefits and other compensation plus interest at statutory rate pursuant to 29 USCA §2617 (a) (1)(A) (ii), equitable relief in the form of reinstatement, or front pay, attorneys' fees and costs.

54. Plaintiff's damages exceed the jurisdictional limit of all lower courts that would otherwise have jurisdiction of the causes of action herein.

### AS AND FOR A FIFTH CAUSE OF ACTION FOR RETALIATION AND INTERFERENCE UNDER THE FAMILY MEDICAL LEAVE ACT.

55. That the plaintiff repeats and re-alleges each and every allegation set forth in the preceding paragraphs as though set forth fully herein.

56. Family Medical Leave Act 29 USC §2615 prohibits interference with the exercise of rights provided under that act. This Section renders it unlawful for an employer to interfere with, restrain or deny the exercise of or the attempt to exercise any right provided by this Act.

57. Defendants interfered with Plaintiff's rights under the above section and discriminated against the Plaintiff and discharged the plaintiff for being out of work due to a serious medical condition for which he was receiving treatment and for which he had notified his employer that he intended to filed for benefits under the FMLA.

58. As a result of the Defendants' interference with the Plaintiff's exercise of his rights under the FMLA, Defendants are liable to the Plaintiff for compensatory damages, back pay, statutory penalties and attorneys' fees and costs as provided by statute.

59. Plaintiff's damages exceed the jurisdictional limit of all lower courts that would

8

otherwise have jurisdiction of the causes of action herein.

## AS AND FOR A SIXTH CAUSE OF ACTION UNDER TITLE VII OF THE CIVIL RIGHTS ACT.

60. That the plaintiff repeats and re-alleges each and every allegation set forth in the preceding paragraphs as though set forth fully herein.

61. That the Defendant NYU Langone Hospital Brooklyn is a qualified employer under the Civil Right Law.

62. That the Defendants' harassed the Plaintiff on the basis of sex and gender, creating a hostile work environment in violation of Title VII of the Civil Rights Act, 42 U.S.C.§ 2000 et seq.

63. As set forth above, individual female defendants made unwelcome comments about Plaintiff's appearance, entered his locker room while he was changing clothes, causing him embarrassment and emotional distress.

64. That after plaintiff complained of said acts and engaged in protected activity under State Human Rights Laws defendants further harassed and retaliated against the Plaintiff adversely effecting the terms and conditions of Plaintiff's employment.

65. That Plaintiff filed a charge with the appropriate state agency in exercise of his protected rights and said charge was concurrently filed with Equal Opportunity Employment Commission(EEOC).

66. That on information and belief, the EEOC issued a dismissal and right to sue notice, which Plaintiff has, to date, not received.

67. That the present action is accordingly timely under Title VII>

68. That the Plaintiff is entitled under that Act to damages including reinstatement, back

9

pay, front pay, compensatory damages, non-pecuniary damages, attorneys' fees, and costs as provided by law.

69. That this Court has jurisdiction of the causes of action set forth above.

70. That the Plaintiff is entitled to damages in an amount to be determined by the Court and where provided by law, attorneys' fees costs and penalties.

71. Plaintiff demands jury trial of the causes of action set forth herein.

72. That the damages of all causes of action alleged herein exceed the jurisdictional limit of all lower courts that would otherwise have jurisdiction here.

**WHEREFORE, plaintiff CHESTER COBB demands judgment against the defendants on the First, Second, Third, Fourth, Fifth and Sixth Causes of Action in an amount to be determined by this Court, with the costs and disbursements of this action and such other relief as the Court shall deem appropriate.**

Dated: New York, New York
May 25, 2020

Yours etc

*(signature)*
Joel M. Gluck, Esq.
Attorney for Plaintiff
305 Broadway Suite 1004
New York, N.Y. 10007
Tel. 347-281 2643
Fax (212) 619-6701
Email: jmgluck200@aol.com

10

# VERIFICATION

STATE OF NEW YORK    )
                     : 
COUNTY OF NEW YORK  )

The undersigned, an attorney duly admitted to practice in the courts of the State of New York, hereby affirms under the penalties of perjury:

Affirmant has read the foregoing Complaint and knows the contents thereof; the same is true to affirmant's own knowledge, except as to matters therein stated to be alleged on information and belief, and as to those matters, deponent believes it to be true; and the reason this verification is made by the affirmant and not by the Plaintiff is because the Plaintiff is not within the county where affirmant has his office. The grounds for affirmant's knowledge are communications with the Plaintiff and Plaintiff's records which affirmant has reviewed.

Dated:   New York, N.Y. 10007
         May 25, 2020

_____
JOEL M. GLUCK
Attorney for Plaintiff